DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant-defendant Emanuel Shepherd appeals the order of the Summit County Court of Common Pleas designating him a sexual predator. This Court affirms.
 I.
In 1981, Shepherd was convicted of two counts of rape, in violation of R.C. 2907.02(A)(1); one count of robbery, in violation of R.C. 2911.02; and one count of aggravated burglary, in violation of R.C. 2911.11(A)(1). The trial court sentenced Shepherd to seven to twenty-five years for each rape, to be served concurrently, but consecutive to a sentence of two to fifteen years for robbery and six to twenty-five years for aggravated burglary.
On October 31, 2000, the trial court convened a sexual predator hearing. The investigating officer, Detective John Lewis (retired) testified at the hearing. Shepherd's victim was seventy-five year old Dorothy Fagan. Fagan lived alone. Shepherd knocked on her door and announced that he was collecting money for the Akron Beacon Journal. Fagan opened her door, and said that she had already paid.
Shepherd pushed Fagan back into her house, grabbing at her glasses and throwing them to the ground. Shepherd threw Fagan to the ground and her head hit upon the kitchen floor. Fagan struggled, but Shepherd overpowered her. Shepherd anally and vaginally raped Fagan. Shepherd then demanded fellatio from Fagan. Throughout the ordeal, Shepherd threatened to kill Fagan and told her he possessed a gun.
Fagan suffered bruises about her hands, arms, face, and back. Her mouth was bloodied, and she was in shock with a blank look when initially interviewed by police. Police noted clumps of Fagan's hair on the kitchen floor. Fagan suffered a tear between her anus and vagina that subsequently became infected, necessitating an extended stay at the hospital. Fagan was a virgin.
Detective Lewis later interviewed Shepherd. Shepherd stated that Fagan was a swinger, that they started talking about sex, that she wanted sex from him, and that they had sexual intercourse.
At the close of the hearing, the trial court designated Shepherd a sexual predator. In particular, the trial court took note of Shepherd's age (24) compared to the victim (75), and that his acts evinced cruelty.
Shepherd timely appeals, asserting three assignments of error.
 II. ASSIGNMENT OF ERROR ONE APPELLANT SHEPHERD'S APPELLATE COUNSEL DENIED HIM THE EFFECTIVE ASSISTANCE OF COUNSEL GUARANTEED BY THE FOURTEENTH AMENDMENT BY FAILING TO FILE APPELLANT'S FINANCIAL ACCOUNTING STATEMENT FROM LAKE ERIE CORRECTIONAL INSTITUTION PURSUANT TO LOCAL RULE 2(C).
This Court is conducting a substantive review of Shepherd's claims. Therefore, Shepherd's first assignment of error is overruled.
 ASSIGNMENT OF ERROR TWO THE TRIAL COURT LACKED JURISDICTION TO ADJUDICATE APPELLANT SHEPHERD AS A SEXUAL PREDATOR BECAUSE IT DID NOT RECEIVE A RECOMMENDATION FROM THE DEPARTMENT OF REHABILITATION AND CORRECTIONS (ODRC) THAT APPELLANT SHEPHERD SHOULD BE ADJUDICATED AS A SEXUAL PREDATOR AS REQUIRED BY R.C. 2950.09(C)(1).
In his second assignment of error, Shepherd claims that the trial court did not have jurisdiction to adjudicate him a sexual predator because the Ohio Department of Rehabilitation and Corrections ("ODRC") did not recommend that Shepherd be so designated. This Court disagrees.
Shepherd's argument is based upon a narrow reading of R.C. 2950.09(C), which prescribes a recommendation of the ODRC as part of the procedural milieu of Ohio's sexual predator law before ultimate adjudication by a court of common pleas. Shepherd argues that this statutory guideline is a jurisdictional pre-requisite, and that without an ODRC recommendation the court of common pleas is without jurisdiction to convene the sexual predator hearing.
Other Ohio appellate courts that have considered Shepherd's argument have been uniform in rejecting such a claim. "We therefore hold that the language regarding the recommendation from the Department of Rehabilitation and Correction merely establishes an additional mechanism by which the trial court may consider the issue of whether an offender is a sexual predator. It is not a jurisdictional requirement which must be fulfilled in order for the trial court to engage in the sexual predator determination." State v. Hardy (Oct. 16, 1997), Cuyahoga App. No. 72463, unreported (Eighth District). Accord State v. Henes (Nov. 2, 2001), Lucas App. No. L-01-1222, unreported (Sixth District); State v. Blair (May 27, 1999), Cuyahoga App. No. 73975, unreported (Eighth District); State v.Clark (Mar. 29, 1999), Clermont App. No. CA98-11-103, unreported (Twelfth District); State v. Owen (Feb. 25, 1999), Cuyahoga App. No. 72783, unreported (Eighth District). In Clark the Twelfth District Court of Appeals offered a cogent statutory analysis in support of its conclusion that the ODRC recommendation is advisory and not a mandatory jurisdictional pre-requisite:
 Our analysis begins with the legislature's definitions of the most relevant terms. R.C. 2950.01(G) states that:
 An offender is "adjudicated as being a sexual predator" if any of the following applies:
* * *
 (3) Prior to January 1, 1997, the offender was convicted of or pleaded guilty to, and was sentenced for, a sexually oriented offense, the offender is imprisoned in a state correctional institution on or after January 1, 1997, and, prior to the offender's release from imprisonment, the court determines pursuant to division (C) of section 2950.09 of the Revised Code that the offender is a sexual predator.
Appellant satisfies all three of the relevant conditions of R.C.2950.01(G)(3), i.e., he was convicted and sentenced for a sexually-oriented offense prior to January 1, 1997; he was imprisoned in a state correctional institution on or after that date; and, prior to his release, the court determined that he was a sexual predator.
However, R.C. 2950.09(C)(1), which applies to appellant pursuant to R.C. 2950.01(G)(3), provides that:
 If a person was convicted of or pleaded guilty to a sexually-oriented offense prior to January 1, 1997, if the person was not sentenced for the offense on or after January 1, 1997, and if, on or after January 1, 1997, the offender is serving a term of imprisonment in a state correctional institution, prior to the offender's release from the term of imprisonment, the department of rehabilitation and correction shall determine whether to recommend that the offender be adjudicated as being a sexual predator. In making a determination under this division as to whether to recommend that the offender be adjudicated as being a sexual predator, the department shall consider all relevant factors, including, but not limited to, all of the factors specified in division (B)(2) of this section. If the department determines that it will recommend that the offender be adjudicated as being a sexual predator, it immediately shall send the recommendation to the court that sentenced the offender and shall enter its determination and recommendation in the offender's institutional record, and the court shall proceed in accordance with division (C)(2) of this section.
By these terms the department is instructed to "determine whether to recommend" that an offender be adjudicated as being a sexual predator. Significantly, however, the statute does not further provide that the court may conduct a sexual predator classification hearing only if the department makes such a recommendation. The department's recommendation is completely nonbinding on the trial court, as R.C. 2950.09(C)(2)(a) indicates:
 If, pursuant to division (C)(1) of this section, the department of rehabilitation and correction sends to a court a recommendation that an offender who has been convicted of or pleaded guilty to a sexually-oriented offense be adjudicated as being a sexual predator, the court is not bound by the department's recommendation and the court may conduct a hearing to determine whether the offender is a sexual predator. The court may deny the recommendation and determine that the offender is not a sexual predator without a hearing but shall not make a determination that the offender is a sexual predator in any case without a hearing.
In State v. Brewer, 1998 Ohio App. LEXIS 15, *3 (Jan. 12, 1998), Clermont App. No. 97-03-030, unreported, this court noted that "nowhere in R.C. Chapter 2950 is it expressly stated that the sexual predator classification hearing must take place prior to the inmate's release from prison or not at all." In Brewer, however, a review of the entire legislative scheme revealed that the provision that the determination occur "prior to release" was mandatory. This review included the observation that "offenders who * * * were serving a prison term at the time the statute went into effect, are defined to be `adjudicated as being a sexual predator' if the trial court makes its determination `prior to the offender's release from imprisonment.' R.C. 2950.01(G)(3)."Id. (emphasis in original). In contrast to this explicit defining language concerning the "prior to release" issue, R.C. 2950.01(G)(3) does not mention the department's recommendation at all.
The Eighth District Court of Appeals also relied upon R.C. 2950.01(G)(3) in deciding that a determination "prior to release" was a jurisdictional prerequisite to adjudication as a sexual predator for offenders like appellant. State v. Owen, 1999 Ohio App. LEXIS 601 (Feb. 25, 1999), Cuyahoga App. No. 72783, unreported. The court noted that R.C. 2950.01(G), not R.C. 2950.09(C), was the central provision for jurisdiction.
It is clear that R.C. 2950.09(C)(1) or (C)(2) do not address the trial court's jurisdiction * * *, but merely acts as the mechanism by which the trial court receives a sexual predator adjudication case. In matters of jurisdiction, the General Assembly intended that R.C. 2950.01(G) control. (Emphasis added.)
Because R.C. 2950.01(G)(3) controls the jurisdiction of the trial court to adjudicate an offender as a sexual predator and does not address the department's recommendation, the trial court correctly held that it had jurisdiction over appellant for the purpose of making a sexual predator determination.
This Court agrees with the Eighth District Court's conclusion in Owen, that the ODRC recommendation is more in the manner of a triggering mechanism or a "vehicle by which the court receives its cases."
For the foregoing reasons, this Court concludes that the ODRC recommendation is advisory, and not a mandatory jurisdictional pre-requisite. Shepherd's second assignment of error is overruled.
 ASSIGNMENT OF ERROR THREE THE STATE DID NOT PRODUCE EVIDENCE TO PROVE BY CLEAR AND CONVINCING EVIDENCE THAT APPELLANT SHEPHERD IS A SEXUAL PREDATOR.
A sexual predator, as defined by R.C. 2950.01(E), is a person who has "been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.09(B)(1) provides that at the sexual predator hearing the trial court must provide both the state and the defendant with the opportunity to present evidence related to whether such a classification is appropriate. In making its determination whether the defendant is likely to reoffend, the trial court must consider all relevant factors, including, but not limited to:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, buy not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
R.C. 2950.09(B)(2).
The court may determine that an individual is a sexual predator only if the evidence presented is clear and convincing that the individual is likely to reoffend. R.C. 2950.09(B)(3). If the evidence produces in the mind of the trier of fact a firm belief or conviction as to the allegations sought to be established, then the standard of clear and convincing evidence is satisfied. State v. Rexroad (Apr. 1, 1998), Summit App. No. 18539, unreported. The clear and convincing standard requires more than a preponderance of the evidence, but does not require proof beyond a reasonable doubt. Id. This court has previously held that the trial court in rendering a sexual predator determination does not need to mention each factor in its decision, but that the court need only consider each factor in making its decision. State v. Alexander (Apr. 14, 1999), Summit App. No. 18823, unreported. Further, the factors need not be weighed or balanced, nor does the determination of sexual predator status demand that a majority of the factors listed weigh against the defendant. State v. Francis (June 16, 1999), Summit App. No. 18791, unreported. The record before the trial court was sufficient to meet the standard of clear and convincing evidence that Shepherd was likely to reoffend. Considering the disparity in ages between Shepherd and his victim, the targeting of a vulnerable victim of venerable years, the cruelty exhibited by the violence used and trauma inflicted as part of his crimes, and his threats to kill the victim if she implicated him, all provide an ample factual basis for the trial court to designate Shepherd as a sexual predator. Accordingly, Shepherd's third assignment of error is overruled.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
SLABY, P.J.
WHITMORE, J. CONCUR